26366. BRADY et al. v. STEPHENSON.

ARGUED MARCH 8, 1971—DECIDED APRIL 8, 1971.

*Floyd H. Wardlow, Jr.,* for appellants.
*Altman, Herndon & Fowler, Michael N. Herndon,* for appellee.

GRICE, Justice. The sole issue here is whether the evidence supported the finding that the testator's residence when he died was

in the county in which his will was offered for probate.

This issue stems from a caveat filed by Homer P. Brady and Mrs. Hazel S. Coley to the will of J. N. Brady, which the propounder, Mrs. Hilda Brady Stephenson, sought to probate in the Court of Ordinary of Thomas County. Upon judgment admitting the will to probate in solemn form, the caveators appealed to the superior court of that county. There, by stipulation of the parties, the only issue for determination was whether the testator was a resident of and was domiciled in Thomas County on the date of his death. The jury so found and the will was ordered to probate. Upon denial of the caveators' motion for new trial on the general grounds, their appeal to this court was taken.

1. The will of a citizen of this state must be probated in the county of his residence at the time of his death. *Code* § 113-603. "The domicile of every person of full age, and laboring under no disability, is the place where the family of such person shall permanently reside, if in this State." *Code* § 79-401. "The domicile of a person sui juris may be changed by an actual change of residence with the avowed intention of remaining. A declaration of an intention to change the domicile is ineffectual for that purpose until some act is done in execution of the intention." *Code* § 79-406.

2. From a study of the evidence we find that it amply supports the verdict. There was evidence that the testator changed his residence from Turner County to Thomas County, that this change was of his own choice and volition; and that it was made with his intention to remain there as his new place of residence. This proof was made from testimony by the attorney of the testator, his daughter and his widow. It is not necessary to detail this testimony. The credibility of the witnesses and the weight to be given their testimony were questions for the jury. Since their verdict was approved by the trial judge, the sole question for this court is whether the verdict was authorized by *any* evidence. We have concluded that it was.

In view of the foregoing, the judgment is

*Affirmed. All the Justices concur.*